## HEZEKIAH BRINK

*v.*

## AMOS C. STEADMAN *et al.*

| 70  | 241 |
| 136 | 524 |

1.  SPECIFIC PERFORMANCE.  A party can not have a specific perform-ance of a contract, in equity, unless he can show he has performed it in all its parts, or can show a just excuse for non-performance; and the bur-den of proof is on the complainant to show his right to the relief he seeks, by a clear preponderance of evidence.

2.  SAME—*refused for laches.*  Where a party, seeking a specific per-formance of a contract, delays filing his bill for eight years, and the delay is unexplained by any equitable circumstances, he can have no relief.

3.  FORFEITURE—*in contract of purchase.*  If parties under no disabili-ties choose to contract for a forfeiture in the sale and purchase of land, in the absence of any fraud or improper practices on the part of the vendor, a court of equity can afford the vendee no relief against the same.

APPEAL from the Circuit Court of Rock Island county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Messrs. DINSMOOR & STAGER, for the appellant.

Messrs. HENRY & JOHNSON, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was to enforce a specific performance of a contract to convey certain premises.  The original contract between the parties was in writing.  On the 9th day of March, 1859, appellant purchased of appellees, Steadman and Mallory, a certain lot, for $400, to be paid for in one, two and three years, with interest at the rate of ten per cent per annum from date, according to the tenor and effect of three promis-sory notes of the same date.  Time was made, by the express terms of the agreement, material, and of the essence of the contract, and, in case of failure, the intervention of equity was to be forever barred.

Soon after making the contract, appellant entered into

242 BRINK *v.* STEADMAN *et al.* [Sept. T.

Opinion of the Court.

possession, and erected a building on the premises, of the value of between $600 and $1000.

But a trifling portion of the consideration agreed upon was ever paid; nor is it claimed there has ever been any performance of the contract by appellant, or any one for him. It is sought to show an excuse for non-performance, by an alleged new contract, said to have been entered into in 1861, by which the vendors agreed to take possession, and hold the premises until the rents and profits would liquidate their claim for the purchase money. Appellees expressly deny the making of the new contract as alleged, and charge that appellant, and one Kirk, since deceased, to whom it is said appellant assigned the contract, surrendered up the premises, and agreed to cancel the agreement, for the reason a part of the purchase money had then become due, and Kirk was unwilling, he being about to enter the military service of the United States, to advance the amount due, and appellant being unable to make any further payments.

Upon the propositions asserted by the respective parties, the testimony offered by them is as variant and conflicting as are their interests in the subject matter of this litigation. It is needless to undertake to harmonize the evidence. It can not be done. There are some things in the testimony of both parties that seem singularly improbable, and we are unable to reconcile them consistently with the undisputed facts.

In this unsatisfactory condition of the evidence, we are at a loss to see how appellant can have a specific performance of the contract. The doctrine is settled, by a uniform course of decisions, that a party can not compel a specific performance of a contract, in a court of equity, unless he can show that he has performed it in all its parts, or can show a reasonable and just excuse for non-performance. *Scott* v. *Shepherd,* 3 Gilman, 483; *Board of Supervisors* v. *Henneberry,* 41 Ill. 179; *Iglehart* v. *Gibson,* 56 Ill. 81.

The burden of proof is on appellant to show, by satisfactory evidence, that he is entitled to the relief demanded in

his bill. This he has not done. It is undisputed that he has not performed his contract, and the ground upon which he places the excuse for non-performance, viz: the alleged new contract, is not supported by that clear preponderance of evidence that ought to be shown before he can invoke the aid of a court of equity. Time was made of the essence of the contract, and, in case of failure, it was agreed the intervention of equity should be barred. If parties under no disability choose to contract for a forfeiture, as in this case, however hard it may seem, in the absence of any fraud or improper practices on the part of the vendor, the law can afford the vendee no relief.

There is another conclusive reason why appellant is not entitled to relief. He has not been diligent in asserting his equities, whatever they may have been. This bill was not filed until 1869, and this delay of eight years is unexplained by any equitable circumstances. It is a familiar principle, that equity will only assist such as are diligent in asserting their rights. No excuse having been shown for the unreasonable delay that has intervened, the bill could not be entertained.

There is evidence tending to show appellant voluntarily surrendered the property, and abandoned the contract. The evidence, however, is very conflicting, and it is not deemed necessary to express a conclusive opinion on this point. It is enough if it appears appellant has not performed the contract, nor shown, by satisfactory evidence, a just excuse for non-performance, to bar any relief.

No such evidence appearing in the record, the bill was properly dismissed, and the decree is affirmed.

*Decree affirmed.*