(No. 37454.—

Beesley Realty & Mortgage Company, Appellant, *vs.* Anna Maria Busalachi *et al.,* Appellees.

*Opinion filed May 27, 1963.*

Howard, Howard & Hofert, of Chicago, (Marshall S. Howard, of counsel,) for appellant.

James D. Montgomery, of Chicago, (Howard T. Savage, of counsel,) for appellees.

Mr. Justice Klingbiel delivered the opinion of the court:

Beesley Realty & Mortgage Company brought suit in the circuit court of Cook County for specific performance of a contract for the purchase of 94 lots of real estate. The cause was referred to a master in chancery, who heard the

plaintiff's evidence and recommended a finding in defendants' favor at the close of plaintiff's case. The court followed the master's recommendation, and entered a decree finding that the contract had been terminated for default in the payments. The plaintiff appeals directly to this court, a freehold being involved.

The evidence shows that on December 18, 1958, Anna Maria Busalachi, herein referred to as defendant, entered into a contract to sell 84 lots to one Julius Ryniecki for a total price of $138,000. The purchase price was made payable in monthly installments as follows: $2500 each on January 15, 1959, and February 15, 1959, $8000 or more for each of the next four installments, and the balance in monthly payments of $5000 or more beginning July 15, 1959, with payment of the remaining balance, if any, on December 15, 1960, all with interest at 5½% per annum. Five lots were to be delivered for each $9000 paid, and an additional 10 lots were to be conveyed upon payment of $18,000 in six monthly installments of $3000 at no interest, beginning March 15, 1961, but the seller was not required to convey any lots until certain described improvements had been installed without encumbering them. The contract further declared that "Should said purchaser fail to make the payments of principal and interest provided for in this contract promptly at the time and in the manner herein provided, the payments made on account of said contract prior to the date of the default shall, at the option of the seller, be retained by the seller as liquidated damages, and this contract shall thereupon be null and void without further notice. Time is of the essence of this contract and all conditions thereof."

Up to August 15, 1960, Ryniecki had paid a total of $107,000, with interest to date, and the defendant had conveyed 58 lots to him. The plaintiff had loaned to Ryniecki all the money necessary to make the payments on principal, and also substantial sums for making sewer, water, side-

walk and street improvements. On April 17, 1959, as security for such advances, Ryniecki assigned to the plaintiff all of his right, title and interest in the contract, and the plaintiff thereafter orally informed the defendant of this assignment.

By the fall of 1960 Ryniecki was in substantial default on his obligations to the plaintiff, and from that time until March, 1961, negotiations were conducted with Ryniecki in an effort to obtain an unconditional assignment of his interest in the contract so that the plaintiff might receive a conveyance of the 36 lots still unconveyed thereunder. On March 6, 1961, plaintiff received such an assignment.

In the meantime a principal payment of $5000 plus interest became due on October 15, 1960. None of this principal payment was made, although the interest due was paid to defendant in the form of a check from the plaintiff. On October 20, 1960, a notice of forfeiture was sent to Ryniecki, with a copy to the plaintiff. The notice recited that the contract was forfeited for failure to pay the principal and interest due. No further payments of any kind have been made on the contract, nor has any tender been made, although Ralph A. Beesley, the plaintiff's president, testified that in November he offered to make the principal payment which had been due October 15 and that the defendant replied she would wait until the deal between plaintiff and Ryniecki was concluded.

To reverse the decree plaintiff contends that the evidence shows a verbal extension of the time for payment. Both Beesley and his secretary testified that in November of 1960 a conversation occurred in plaintiff's office at which defendant said she was willing to go along with Beesley and wait until the matter between plaintiff and Ryniecki was settled. Assuming there was a valid extension to such time, we still fail to see that the plaintiff has shown itself entitled to relief. It is undisputed that final settlement with Ryniecki took place March 6, 1961, and there is nothing to show a

tender of payments thereafter. Before a party can compel specific performance of a contract he must show that he has performed it in all its parts or that there is a reasonable and just excuse for nonperformance. (*Dembski* v. *Lynwood Development Corp.*, 23 Ill. 2d 395; *Lovins* v. *Kelley*, 19 Ill. 2d 25, 28-29; *Brink* v. *Steadman*, 70 Ill. 241.) The remedy of specific performance is not a matter of right, and one who seeks to specifically enforce a contract for the sale of real estate must prove that he has complied with its terms, or was able, ready and willing to comply, but was prevented from doing so by the other party to the contract. (*Kingsley* v. *Roeder*, 2 Ill. 2d 131.) This the plaintiff has not done.

It is unnecessary to consider whether the right of forfeiture was waived by subsequent conduct, or whether it could be exercised, as plaintiff urges, only after notice of intention to do so. For the reason stated the circuit court properly dismissed the complaint, and its decree is accordingly affirmed.

*Decree affirmed.*