VAR E. LORDAHL, Plaintiff-Appellant, *v.* FRANK MAURO *et al.*, Defendants-Appellees.

First District (4th Division)   No. 81—2518

Opinion filed September 23, 1982.

Thomas Mathai, of Chicago, for appellant.

J. L. Statland, of Murphy & Boyle, of Chicago, for appellees.

PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Var E. Lordahl, appeals the trial court's order denying his motion to vacate the dismissal of a third amended complaint and denying leave to file a fourth amended complaint. On appeal, plaintiff argues that the trial court abused its discretion and that he should be granted leave to file a fourth amended complaint against Frank Mauro and Frank Mauro Oldsmobile, Inc.

We affirm.

On August 23, 1977, plaintiff filed a nine-count complaint against Frank Mauro, Frank Mauro Oldsmobile, Inc., and General Motors Corporation alleging breach of contract, misrepresentation and fraud, and asking damages, including punitive damages, totaling $531,900.

Plaintiff alleged that in April 1975 he purchased a 1975 automobile from Frank Mauro Oldsmobile. On October 18, 1975, the car was stolen. When it was recovered by police on the next day, all doors, all wheels and the radio were missing. On October 20, 1975, Mauro agreed to repair the car. The price agreed upon was $1,768.48, which plaintiff paid with an insurance check.

Plaintiff alleged that defendants did not properly repair the car, that the original radio was replaced with a cheaper model and that defendants misrepresented that the car would be repaired within a few days, that parts were easily available and would be ordered from General Motors, and that qualified employees would do the repairs. Plaintiff claimed he suffered financial losses including costs of renting an automobile while his own was being repaired and loss of income, and that he suffered severe mental anguish and emotional distress.

General Motors responded to the complaint with a motion to dismiss. Defendants Mauro and Frank Mauro Oldsmobile moved to dismiss and also answered the complaint. On January 16, 1979, plaintiff's first complaint was stricken and he was given leave to file an amended complaint. Plaintiff filed a 29-count amended complaint against defendants asking a total of $2,177,600 in damages. Again, defendants moved to dismiss. On July 17, 1980, plaintiff's amended complaint was stricken and he was given leave to file a second amended complaint. On August 25, 1980, plaintiff filed a 13-count amended complaint against defendants asking $785,700 damages. On July 16, 1981, this second amended complaint was stricken on defend-

ants' motions and plaintiff was allowed to file a third amended complaint.

Count I of the third amended complaint alleged that Mauro and Frank Mauro Oldsmobile falsely and fraudulently represented to plaintiff that they would repair plaintiff's car with General Motors parts within 3 weeks, that they would install a genuine General Motors radio, and that trained and authorized mechanics would repair the car. Plaintiff alleged damages as follows: $1,768.48, money paid to defendants for repairs; $1,200, car rentals; $3,600, loss of use of car for 7 months; and $15,000, wage loss. Plaintiff asked a judgment of $25,000 and an additional $50,000 punitive damages. Count II charges misrepresentation by "John Doe, agent of General Motors." Defendants' motions to dismiss the third amended complaint were granted in an order dated August 21, 1981, which is not in the record. Plaintiff moved to vacate this dismissal and asked leave to file a fourth amended complaint. The trial court denied plaintiff's motion, stating in its order that there was no just cause for delay of the enforcement of the order or appeal. Plaintiff appealed.

The sole issue raised by this appeal is whether the trial judge's denial of plaintiff's petition to file a fourth amended complaint was an abuse of discretion. Plaintiff argues that justice would be served by granting him leave to file his fourth amended complaint against Frank Mauro and Frank Mauro Oldsmobile, Inc., and that it would be unfair to deny him his day in court because of the past ineptitude of his attorneys. Plaintiff also claims that his proposed complaint states a facially meritorious cause of action. The proposed fourth amended complaint, which was not presented to the trial court with plaintiff's motion for leave to file an amended complaint, provided as follows:

Count I: plaintiff asked $1,000 damages for defective repair of his automobile;

Count II: plaintiff asked $100 damages for installation of a cheaper radio;

Count III: plaintiff asked $1,023 damages for use of a substitute automobile;

Count IV: plaintiff asked $1,000 damages for other expenses incurred in trying to get the automobile repaired;

Count V: plaintiff asked $3,600 damages for loss of the use of a late model car for 2 years;

Count VI: plaintiff asked $25,000 damages for severe mental anguish and emotional distress caused by acts of fraud and deceit perpetrated by defendants; and

Count VII: plaintiff asked punitive damages of $300,000.

Plaintiff's right to amend his complaint is not absolute, and while permission is to be liberally allowed, the trial court has discretion to deny leave to amend a complaint. (*Petrella v. Leisky* (1981), 92 Ill. App. 3d 880, 882, 417 N.E.2d 134, 136.) The denial of a motion to amend will not be regarded as error unless there is a manifest abuse of such discretion. (*Economy Fire & Casualty Co. v. Pearce* (1979), 79 Ill. App. 3d 559, 565-66, 399 N.E.2d 151, 155.) The test to be applied in determining whether discretion with respect to allowance of amendments to pleadings was properly exercised is whether it furthers the ends of justice, and, in such regard, the court may properly consider the ultimate efficacy of a claim in passing on a motion to amend. (79 Ill. App. 3d 559, 566.) Under the circumstances of this case, we cannot find that the trial court abused its discretion in denying plaintiff leave to amend. First, the proposed amendment would have been the fourth and was proposed over 4 years after the original complaint was filed. Between August 1977 and August 1981, the trial court dismissed the original and the three amended complaints filed by plaintiff. Thus, plaintiff had ample opportunity to prepare a complaint. Second, and more importantly, plaintiff's proposed fourth amended complaint does not cure the defects of his prior complaints. It merely restates in a different order the allegations contained in the prior complaints which the trial court found insufficient and had dismissed. Therefore, we hold that the trial court did not abuse its discretion by denying plaintiff leave to file a fourth amended complaint.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.