DOWNERS GROVE ASSOCIATES, Plaintiff-Appellant, v. RED ROBIN INTERNATIONAL, INC., Defendant-Appellee.

First District (1st Division)   No. 86—0014

Opinion filed December 1, 1986.—Rehearing denied January 26, 1987.

Ordower & Ordower, P.C., of Chicago (Lawrence B. Ordower, of counsel), for appellant.

Solomon & Behrendt, of Chicago (Lois Solomon and Arthur M. Solomon, of counsel), for appellee.

PRESIDING JUSTICE QUINLAN delivered the opinion of the court:

The plaintiff, Downers Grove Associates, filed suit in the circuit court of Cook County against the defendant, Red Robin International,

Inc., seeking specific performance of an alleged real estate contract. The defendant filed a motion to dismiss pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(9)), contending that the plaintiff failed to relocate a drainage easement running across the center of the property prior to the July 1, 1985, closing date, as had been agreed between the parties in the amended escrow trust instructions. After a hearing, the trial court granted the motion and dismissed the complaint with prejudice. The plaintiff now appeals.

The facts pertinent to this appeal are as follows. The plaintiff and the defendant entered into a contract whereby the plaintiff agreed to sell to the defendant certain property located in Downers Grove. Although the contract was originally undated, the parties subsequently agreed by letter that the missing contract date would be February 15, 1985, which was also the date of their agreement concerning the escrow trust instructions. The contract contained a provision stating that "time is of the essence of this contract." A rider to the contract provided that the contract was contingent upon the defendant obtaining certain permits from the village of Downers Grove within 60 days of the February 15, 1985, date. The time for closing under the contract was to be 10 days after the village granted the permits. Also, paragraph 5 of the contract provided that if the contract was terminated through no fault of the buyer, the earnest money was to be returned to the buyer.

On May 14, 1985, pursuant to the terms of the contract, the plaintiff sent the defendant a copy of the Chicago Title Insurance Company's commitment for title insurance. The commitment contained the following exception:

"3. Drainage and utility easement over the westerly 15 feet of the north 10 feet of the east 45 feet and the west 50 feet of the 95 feet of lot 13, as shown on the plat of subdivision."

On May 20, 1985, the defendant sent a letter to the plaintiff stating that it objected to title exception number 3, but that it was certain the exception could be cleared by the plaintiff. The defendant further stated that pursuant to paragraph 2 of the real estate contract, which allowed the plaintiff 30 days after delivery of the title commitment to have exceptions removed from the commitment, the closing date would accordingly be June 19, 1985. Paragraph 2 further provided that if the seller failed to have the exceptions removed within the 30-day time period, the buyer could terminate the contract.

Shortly after this defect in the title was revealed, it also became evident that the defendant would be unable to obtain the necessary

permits from the village of Downers Grove, upon which the contract was contingent, until the plaintiff had arranged for the relocation of the drainage easement. Therefore, the parties agreed that the plaintiff would remove the drainage easement, and that the closing would take place no later than July 1, 1985, after the relocation of the easement had been accomplished. The parties then amended the escrow trust instructions (amendment to the escrow trust instructions) to reflect this agreement.

The original escrow trust instructions provided that if the defendant did not advise the escrowee in writing within 60 days of the contract date that it had obtained or waived the necessary permits, then on the written demand of either the buyer or the seller the escrow was to be terminated and the deposit returned. Subsequently, on September 6, 1985, the defendant made a written demand to the escrowee pursuant to this provision of the escrow trust instructions, as well as paragraphs 2 and 5 of the contract, and the escrow was terminated. As of that date, the plaintiff had not relocated the easement. The record does reveal, however, that the easement was relocated by the plaintiff sometime in late September 1985.

On September 13, 1985, the plaintiff filed this complaint against the defendant for specific performance. The complaint alleged that the plaintiff was "ready, willing and able to close said transaction pursuant to the contract," but that the defendant "had failed and refused to close said transaction even though the plaintiff had demanded that defendant [close] on numerous occasions." Thereafter, as stated previously, the defendant filed a motion to dismiss the complaint pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(9)), alleging that the plaintiff had failed to relocate the drainage and utility easement by July 1, 1985, which was a condition to the defendant's performance as provided in the amendment to the escrow trust instructions. Therefore, the defendant asserted in its motion that it had properly terminated the contract on September 6, 1985. The motion to dismiss was supported by the affidavit of Stuart A. Heller, senior vice-president of Red Robin International, Inc., and the amendment to the escrow trust instructions was also attached to the motion as an exhibit. In his affidavit, Mr. Heller stated that he had personal knowledge of the allegations contained in the motion to dismiss, that the documents attached to the motion were true and correct copies, and, if called as a witness, he could testify competently to these matters. The plaintiff filed counteraffidavits, but did not deny that it had failed to comply with its contractual obligation to remove the drainage easement before the July 1, 1985, clos-

ing date.

At a hearing on December 30, 1985, the trial court granted the defendant's motion to dismiss and denied the plaintiff leave to file a proposed amended complaint. The plaintiff then filed this appeal.

On appeal the plaintiff argues that the trial court erred in granting the defendant's motion to dismiss because (1) it was actually a two-pronged motion, *i.e.*, a section 2—615 motion (Ill. Rev. Stat. 1983, ch. 110, par. 2—615) and a section 2—619 motion (Ill. Rev. Stat. 1983, ch. 110, par. 2—619) and, therefore, procedurally improper; (2) it did not assert other affirmative matter pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 983, ch. 110, par. 2—619(a)(9)), but merely alleged factual matters that did nothing more than contest the material facts of the plaintiff's complaint; (3) the affidavit filed by the defendant in support of its motion to dismiss was insufficient under Supreme Court Rule 191(a) (87 Ill. 2d R. 191(a)); and (4) the amendment to the escrow trust instructions should not have been considered as a modification of the terms of the real estate contract. For the reasons set forth below, we affirm the trial court's decision.

■ The plaintiff initially argues, as stated, that the trial court should not have granted the defendant's motion to dismiss because the motion was improperly labelled as being brought solely under section 2—619 of the Code of Civil Procedure. It is the plaintiff's contention that the motion was in essence a hybrid motion, combining a challenge to the sufficiency of the pleadings to state a cause of action under section 2—615, with a challenge to the complaint by an affirmative defense under section 2—619 which, contrary to a 2—615 motion, necessarily admitted the legal sufficiency of the cause of action. Thus, the plaintiff concludes that before the trial court could have considered the merits of the defendant's motion to dismiss under section 2—619, the trial court should have first considered the motion under section 2—615 to determine if a cause of action had been stated and, if not, then simply granted leave to amend the complaint.

We find no merit to the plaintiff's argument. The failure to properly designate a motion as being brought pursuant to section 2—615 or section 2—619 will not require reversal unless prejudice results to the nonmovant. (*Eddings v. Dundee Township Highway Commissioner* (1985), 135 Ill. App. 3d 190, 199-200, 478 N.E.2d 888.) A hybrid motion normally will only cause prejudice when the plaintiff is induced to forego the submission of counteraffidavits or other material to contest a defendant's affirmative defense and to rely solely on his complaint. (*Premier Electrical Construction Co. v. La Salle National*

*Bank* (1983), 115 Ill. App. 3d 638, 643, 450 N.E.2d 1360.) In the instant case, however, even assuming *arguendo* that the motion to dismiss was a hybrid motion, the plaintiff was clearly not prejudiced because, rather than merely resting on its complaint, as would, of course, be proper when responding to a section 2—615 motion (*Inland Real Estate Corp. v. Christoph* (1981), 107 Ill. App. 3d 183, 185, 437 N.E.2d 658), the plaintiff here did in fact contest the merits of the defendant's motion by filing counteraffidavits. Furthermore, from our review of the record of the proceedings, and, as discussed in more detail later in this opinion, we conclude that the defendant's motion was properly filed and considered as a section 2—619 motion. In any event, the alleged defect in the defendant's motion was not raised in the trial court and, thus, properly should not be considered for the first time on appeal. *Cali v. DeMattei* (1984), 121 Ill. App. 3d 623, 628, 460 N.E.2d 121.

■ The plaintiff next contends that the motion to dismiss should not have been granted because the factual matters asserted in the motion are not "affirmative matters" within the meaning of section 2—619(a)(9). Specifically, the plaintiff argues that the motion to dismiss and the supporting affidavit did not establish a defense to the cause of action but only asserted that the plaintiff was not ready, willing, and able to close pursuant to the provisions of the amendment to the escrow trust instructions, which it contends does nothing more than contest a material fact in the complaint.

Section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(9)), provides for the dismissal of an action on the ground that "the claim asserted against the defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." As with all motions to dismiss, a section 2—619(a)(9) motion admits all well-pleaded facts, but it does not admit conclusions of law, nor does it admit conclusions of fact unsupported by allegations of specific fact upon which such conclusions rest. (*Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 93, 405 N.E.2d 1256.) Thus, to defeat the plaintiff's claim, it is correct that the alleged affirmative matter must be something more than evidence offered to refute a material fact in the complaint. (*Hayna v. Arby's, Inc.* (1981), 99 Ill. App. 3d 700, 710, 425 N.E.2d 1174.) Specifically, the alleged affirmative matter must negate the cause of action completely or refute crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint. *Russo v. Boland* (1982), 103 Ill. App. 3d 905, 908, 431 N.E.2d 1294.

■ In the instant case, the allegation in the plaintiff's complaint that it was "ready, willing and able to close" was merely a conclusion of material fact. It is unsupported by any allegations of specific fact, and the complaint omitted any reference to the amendment to the escrow trust instructions, which provided that the closing was to take place on or before July 1, 1985, and that a necessary condition of the closing was the removal of the drainage easement by the plaintiff. In its motion to dismiss, the defendant alleged as affirmative matter that the plaintiff had failed to relocate the drainage easement prior to the July 1, 1985, closing date as provided for in the amendment to the escrow trust instructions. A copy of the amendment to the escrow trust instructions was attached to the motion as an exhibit. We believe, therefore, that contrary to the plaintiff's assertions, the defendant properly did offer evidence to refute the conclusory allegation of the plaintiff's complaint that it was "ready, willing and able to close." Clearly, the fact that the plaintiff failed to satisfy an essential requirement of the contract prior to the agreed-upon closing date would completely defeat the plaintiff's claim for specific performance. (*Beesley Realty & Mortgage Co. v. Busalachi* (1963), 28 Ill. 2d 162, 165, 190 N.E.2d 715.) Plaintiff's counteraffidavits contained no denial of the fact that it failed to relocate the drainage easement prior to July 1, 1985, nor did it assert that the July 1, 1985, closing date was merely a target date. Thus, the plaintiff's failure to relocate the drainage easement was appropriately an affirmative matter within the purview of section 2—619(a)(9), which would bar the plaintiff's cause of action.

■ The plaintiff also argues that the motion to dismiss should not have been granted because the affidavit filed by the defendant in support of its motion did not meet the requirements of Supreme Court Rule 191(a) (87 Ill. 2d R. 191(a)), which provides in pertinent part:

"Affidavits in support of and in opposition to a *** motion for involuntary dismissal under section 2—619 of the Code of Civil Procedure, *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the *** defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." 87 Ill. 2d R. 191(a).

In the instant case, the plaintiff contends that the affidavit is insufficient because it does not show that the affiant could competently testify to the allegations contained in the motion to dismiss and does

not state which allegations are based on the affiant's own personal knowledge and which are based on information and belief. We disagree. The affidavit here expressly states that the affiant had personal knowledge of the allegations contained in the motion to dismiss, and that if called as a witness, the affiant could competently testify to the matters asserted therein. Plaintiff's reliance on *Hedrick v. Goodwin Brothers, Inc.* (1975), 26 Ill. App. 3d 327, 325 N.E.2d 73, is clearly misplaced. In that case, the affidavit failed to meet the requirements of Rule 191 because it was based solely on information and belief and did not indicate that the affiant could competently testify to the allegations contained in the defendant's answer which, as stated, was not true here.

The plaintiff also asserts that the affidavit was insufficient because the defendant failed to attach the original escrow trust instructions with the amendment to the escrow trust instructions that it did attach. Again, we find no merit to the plaintiff's contention because Rule 191(a) requires only that the affidavit shall have attached all papers upon which the affiant *"relies,"* and the affidavit at issue here clearly concerns only the amendment to the escrow trust instructions and in fact makes no reference to the original escrow trust instructions. Moreover, had the plaintiff believed that the original escrow trust instructions were somehow relevant to the determination of the merits of the defendant's motion to dismiss, it could have offered a copy itself, or attached a copy to its counteraffidavit.

We, therefore, find that the affidavit here sufficiently conforms to the requirements of Rule 191(a) (87 Ill. 2d R. 191(a)), and was properly relied upon by the trial court in considering the merits of the defendant's motion to dismiss.

Next, the plaintiff argues that the motion to dismiss was improperly granted because the trial court erred in finding that the amendment to the escrow trust instructions "modified" the real estate contract. In making his argument, the plaintiff relies on *Hakala v. Illinois Dodge City Corp.* (1978), 64 Ill. App. 3d 114, 121, 380 N.E.2d 1177, wherein the court held:

> "An escrow document is in no way a substitute for the original contract but is merely an auxiliary instrument created to help implement or execute the primary agreement. ***
>
> *** [T]he escrow agreement does not supercede the original contract or 'merge' the original contract into it, but is merely a security device to implement the execution of the main contract."

We find that the plaintiff's application of these principles to the

instant case is incorrect. The record here reveals that following receipt of the title commitment, the parties encountered an obstacle to closing not provided for in the original contract. Specifically, the village of Downers Grove refused to grant the defendant the necessary permits until the plaintiff arranged to have the drainage easement removed. In an effort to facilitate the execution of the contract, the parties agreed that the closing would take place on or before July 1, 1985, and that prior thereto, the plaintiff would relocate the easement. The parties then amended the escrow trust instructions to reflect this agreement. Thus, it is clear that the amendment to the escrow trust instructions here did constitute additional terms of the original contract, and served as an adjunct to the original contract in order to effectuate the closing. It was clearly the parties' intention here, as concluded by the trial court, to modify the original contract by amendment the escrow trust instructions to provide a solution to a problem not anticipated under the terms of the original contract. The law is clear that an existing contract may be modified by a valid subsequent agreement of the parties. (See *Hartwig Transit, Inc. v. Menolascino* (1983), 113 Ill. App. 3d 165, 446 N.E.2d 1193.) Where the terms of an executory agreement for the sale of real property are clarified or modified by the provisions of a signed escrow agreement, both instruments are to be read together in order to determine the rights and obligations of the parties. (See *Katemis v. Westerlind* (1953), 120 Cal. App. 2d 537, 261 P.2d 553; 17 Am. Jur. 2d *Contracts* sec. 470 (1964); 91 C.J.S. *Vendor and Purchaser* sec. 85 (1955).) Thus, we agree with the trial court's determination that the amendment to the escrow trust instructions did modify the original contract and that the escrow agreement and its subsequent amendment had to be read in conjunction with the original contract to determine the intent of the parties.

■ The trial court in this case correctly granted the motion to dismiss. It is uncontroverted here that the plaintiff had agreed to relocate the drainage easement prior to the July 1, 1985, closing date, but failed to do so. Furthermore, this affirmative matter barring the plaintiff's claim for specific performance was not denied by the plaintiff in its counteraffidavits. Specifically, the defendant made no allegation in its counteraffidavits that the July 1, 1985, closing date had been changed by the parties or that the July 1, 1985, closing date was only a target date, as was asserted by the defendant during oral argument. The law is clear that a party cannot compel the specific performance of a real estate contract unless he can show that he has complied with all of its terms, or was ready, willing, and able to com-

ply, but was prevented from doing so by the other party to the contract. (*Beesley Realty & Mortgage Co. v. Busalachi* (1963), 28 Ill. 2d 162, 165, 190 N.E.2d 715.) Here the plaintiff had not complied with the terms of the agreement and was not prevented from doing so by the defendant. Therefore, the trial court's dismissal of plaintiff's claim pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(9)) was correct.

■■ Finally, the plaintiff argues that the trial court erred in denying the plaintiff leave to file an amended complaint against the defendant. A plaintiff's right to amend his complaint is not absolute, and it is within the trial court's discretion whether to grant or deny leave to amend. (*Lordahl v. Mauro* (1982), 109 Ill. App. 3d 478, 481, 440 N.E.2d 989.) A reviewing court will not disturb a trial court's ruling regarding the right to file an amended complaint unless there has been a clear abuse of discretion, which is determined by considering whether allowing the proposed amendment furthers the ends of justice. *Village of Rosemont v. Lentin Lumber Co.* (1986), 144 Ill. App. 3d 651, 666, 494 N.E.2d 592.

■■ Under the circumstances presented here, we find that the trial court did not abuse its discretion in denying the plaintiff leave to amend. The plaintiff's proposed first amended complaint set out no new additional facts justifying relief, nor could it. No amendment could have cured the defect in the original complaint, namely that the plaintiff failed to relocate the drainage easement prior to the July 1, 1985, closing date, as had been agreed between the parties pursuant to the amendment to the escrow trust instructions. In fact, in its proposed first amended complaint, the plaintiff admitted that the relocation of the drainage easement was not accomplished until late September 1985. Leave to amend should be denied when it is apparent that no cause of action could be stated under the facts of the case. (*Lee v. Conroy* (1973), 13 Ill. App. 3d 694, 696, 300 N.E.2d 505.) Thus, we find that the trial court did not err in refusing to grant leave to file the plaintiff's proposed first amended complaint.

Accordingly, for the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.