JEANETTE COATES, Indiv. and as Guardian of the Estate of Alonzo H. Coates, a Disabled Person, Plaintiff-Appellant, v. W.W. BABCOCK COMPANY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—89—0948

Opinion filed September 13, 1990.

Donna Del Principe and Michael J. Kane, both of Kane, Obbish & Propes, of Chicago, for appellant.

Tribler & Marwedel, P.C., of Chicago (D.J. Sartorio and Michael R. Stiff, of counsel), for appellees.

PRESIDING JUSTICE McMORROW delivered the opinion of the court:

Jeanette Coates (plaintiff), individually and as guardian of the estate of her disabled husband, Alonzo Coates (Coates), appeal from the trial court's dismissal with prejudice of the counts of her complaint against Reverend James Goodwin (Goodwin) and the Mount Olive Baptist Church (the Church) (hereinafter collectively referred to as defendants), alleging violations of the Premises Liability Act (Ill. Rev. Stat. 1989, ch. 80, par. 301 *et seq.*), the Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, pars. 60 through 69), and loss of consortium. Plaintiff's complaint alleged that Coates was injured when he fell from a ladder while installing ceiling fans on the Church's premises pursuant to the defendants' direction and supervision.

Because the high ceiling on the Church's premises was an open and obvious danger, we conclude that the trial court properly dismissed plaintiff's claim under the Premises Liability Act. In addition, although Coates volunteered to install the ceiling fans for no benefit or compensation to him and provided the ladder from which he fell, we determine that his status of volunteer did not warrant dismissal of plaintiff's claim under the Structural Work Act. Ac-

cordingly, we affirm in part, reverse in part, and remand.

As ultimately amended, plaintiff's complaint alleged the following pertinent facts. Prior to July 1986, the Church board of directors learned that its air conditioning unit was irreparably damaged. Coates was willing to donate and install ceiling fans, free of any cost to the Church, so that the Church would not have to purchase a new air conditioning system. Coates was a member of the board of trustees of the Church at the time, and Goodwin was Church pastor.

Coates began to install the ceiling fans, with the Church's approval, on July 24, 1986. Defendants retained the right and authority to supervise and control his installation of the fans. Although not alleged in the counts of the complaint directed against defendants, it appeared from other allegations in plaintiff's complaint that the ladder used by Coates had been obtained by him from his employer, a window cleaning company. Coates fell from the ladder while installing the ceiling fans, suffering serious injury.

In count III of her amended complaint, plaintiff alleged that defendants owed Coates a duty of reasonable care for his safety while he was on Church premises, in accordance with the Premises Liability Act. Plaintiff alleged that defendants breached this duty because they failed to use reasonable care in overseeing Coates' work and failed to provide adequate equipment to enable Coates to safely install the ceiling fans.

Count IV of plaintiff's suit alleged that the defendants violated the Structural Work Act. Specifically, plaintiff alleged that defendants failed to provide a safe, suitable and proper ladder for Coates' support and weight, and that the ladder used by Coates was otherwise unsafe or unsuitable. Plaintiff's amended complaint also included a derivative action for loss of consortium (count VIII).

In response to plaintiff's amended complaint, Goodwin and the Church filed a motion to dismiss the counts of the amended complaint directed against them pursuant to section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619). Following a hearing, the trial court granted the defendants' motion and entered an order that dismissed with prejudice counts III, IV, and VII as to defendants Goodwin and the Church. The court's dismissal order found no just reason to delay enforcement or appeal. (107 Ill. 2d R. 304(a).) Plaintiff's timely appeal followed.

Upon review, plaintiff asserts that defendants' arguments regarding count III of the complaint, which alleges negligence on the part of the defendants under the Premises Liability Act, should be

construed as contentions that this count was insufficient to state a claim for which relief may be granted, pursuant to section 2—615 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, par. 2—615.) Defendants concede on appeal that their motion to dismiss count III should have been brought under section 2—615, rather than under section 2—619 of the Code pertaining to affirmative matter that defeats the well-pleaded allegations of a plaintiff's complaint. (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(9).) Accordingly, we consider whether the allegations of count III sufficiently state a claim for negligence under the Premises Liability Act to withstand a motion to dismiss brought under section 2—615 of the Code of Civil Procedure.

■■ Under the Illinois Premises Liability Act, a possessor of land owes a duty to entrants to exercise "reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them." (Ill. Rev. Stat. 1985, ch. 80, par. 302.) Plaintiff argues that the Church's high ceiling was unreasonably dangerous because of the negligent manner in which defendants supervised Coates' work and failed to provide him with proper equipment.

Plaintiff did not allege facts showing a defect in the premises which would cause an unreasonable danger to persons entering thereon. The condition which allegedly created an unreasonable danger and caused injury was the height of the ceiling, in excess of 20 feet, and the placement of the ladder by Coates to install the ceiling fans. However, it is well established that a landowner is not liable for injuries resulting from open and obvious dangers on the premises, including the open and obvious danger of falling from high places. (See, *e.g., Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023.) We determine that Coates' attempt to install the ceiling fans in the Church's high ceiling by positioning his ladder in the Church pews was an open and obvious danger, and his injuries are therefore not recoverable from the defendants under the Premises Liability Act. Consequently, the trial court properly dismissed count III of plaintiff's amended complaint.

Plaintiff attempts to invoke an exception to the general rule of nonliability for open and obvious dangers, *i.e.,* that a landowner is liable for injuries resulting from open and obvious dangers on the land, where the landowner knew or should have known that the entrant would be distracted and momentarily forget the danger. (See, *e.g., Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 142, 554 N.E.2d 223.) There is nothing in plaintiff's amended complaint to indicate that defendants should have realized that Coates would be dis-

tracted and, forgetting the height from which he was working, act in such a manner that he would inadvertently fall from the ladder.

■■ Plaintiff contends on appeal that she should be granted a remandment in order to amend count III of her complaint. However, the record indicates that the trial court offered plaintiff an opportunity to continue the court's hearing with respect to defendants' motion and that plaintiff declined the court's invitation. It is readily apparent that plaintiff could have taken advantage of this continuance in order to draft amendments to count III of her complaint. Under these circumstances, we cannot say that defendants' use of a hybrid motion to dismiss, relying upon both sections 2—615 and 2—619(a)(9) of the Code of Civil Procedure, prejudiced plaintiff in her response to defendants' dismissal motion. Consequently, we do not believe that the trial court's dismissal of count III should be reversed and remanded to provide plaintiff an opportunity to amend her complaint. See, *e.g., Downers Grove Associates v. Red Robin International, Inc.* (1986), 151 Ill. App. 3d 310, 502 N.E.2d 1053.

Based on the foregoing, we affirm the trial court's dismissal of count III of plaintiff's amended complaint.

Plaintiff also challenges the trial court's dismissal with prejudice of count IV, which alleged that defendants violated the Structural Work Act. The trial court dismissed this count on the ground that Coates was not a "protected person" under that Act.

■■ Defendants argue that Coates did not come within the purview of the Act because he volunteered to install the ceiling fans. The Structural Work Act protects "any person *** *employed or engaged*" on a ladder while undertaking the repair of a building. (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 48, par. 60.) It is well established that the Act should be liberally construed in order to carry out its legislative purpose to protect persons engaged in extra-hazardous activities on or near a worksite. See, *e.g., Ashley v. Osman & Associates, Inc.* (1983), 114 Ill. App. 3d 293, 448 N.E.2d 1011.

In *O'Brien v. Rogers* (1990), 198 Ill. App. 3d 341, 555 N.E.2d 1005, the court held that the provisions of the Structural Work Act are applicable to one who volunteers to provide services that necessitate the use of a structural support to construct or repair a building. In reaching this conclusion, the court noted that the Act does not expressly limit its coverage to those who are paid for their labor. The court observed that the Act governs those who are "engaged" on a structural support as well as those who are "employed" thereon. The court reasoned that the term "engaged"

would be rendered "completely superfluous," and the beneficial purposes of the Act frustrated, if the Act were limited to those who use a structural support in the course of their employment. The court concluded that "the critical inquiry under the Act is the type of activity in which an individual is involved, not whether he receives compensation for that involvement." 198 Ill. App. 3d at 348.

Based upon this precedent, we conclude that Coates was a protected person under the Act notwithstanding the voluntary nature of his services. The cases cited by defendants do not conflict with our conclusion. *Holley v. Badgerow* (1987), 162 Ill. App. 3d 572, 515 N.E.2d 1257, and *Brown v. Village of Shipman* (1980), 89 Ill. App. 3d 162, 411 N.E.2d 569, recognize that a sole proprietor who is personally in charge of the work performed on the owner's premises is not a protected person under the Structural Work Act. However, there is nothing in the instant record to indicate that Coates was a sole proprietor personally in charge of installing the ceiling fans on the Church's premises. Consequently, *Holley* and *Brown* are inapposite to the case at bar.

Defendants also argue that count IV of plaintiff's amended complaint was insufficient because it does not allege specific facts to show that defendants were "in charge of" Coates' activities. The Structural Work Act states in pertinent part that an "owner *** having charge of the *** repairing *** of any building *** shall comply with all the terms" of the Act. (Ill. Rev. Stat. 1989, ch. 48, par. 69.) It has been held that mere ownership is insufficient to impose liability under the Structural Work Act and resolution of the issue of whether one is in charge of the work is a fact question that calls for an evaluation of the totality of the circumstances. (*Zukauskas v. Bruning* (1989), 179 Ill. App. 3d 657, 660-61, 534 N.E.2d 680.) In *Larson v. Commonwealth Edison Co.* (1965), 33 Ill. 2d 316, 321, 211 N.E.2d 247, the Illinois Supreme Court explained, "The term 'having charge of' is a generic term of broad import, and although it may include supervision and control, it is not confined to it." See also *Zukauskas*, 179 Ill. App. 3d at 662 (listing 10 factors considered significant in determining whether an owner "ha[d] charge of" the work).

Plaintiff's amended complaint alleged that on the day of the incident, the defendants owned, operated, managed, maintained and controlled the Church premises. Plaintiff alleged that defendants retained the right and authority to supervise and control Coates' installation of the ceiling fans. Plaintiff further alleged that defendants were in charge of the installation of the ceiling fans.

Allegations such as these have been found sufficient to state a claim that an owner "ha[d] charge of" the work under the Structural Work Act. (See, *e.g., Warren v. Meeker* (1973), 55 Ill. 2d 108, 302 N.E.2d 54.) We conclude that plaintiff's amended complaint is factually sufficient in this regard.

■ Defendants also assert that count IV of plaintiff's amended complaint was deficient because it failed to state specific factual allegations showing that their alleged violation of the Structural Work Act was wilful. The Act states that "[f]or any injury to person *** , occasioned by any wilful violations of this Act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby." (Ill. Rev. Stat. 1989, ch. 48, par. 69.) It has been held that the term "wilful" means "with knowledge," and may be inferred from the circumstances surrounding the incident as alleged in the complaint. (See, *e.g., Shaheed v. Chicago Transit Authority* (1985), 137 Ill. App. 3d 352, 484 N.E.2d 542; *Fedt v. Oak Lawn Lodge, Inc.* (1985), 132 Ill. App. 3d 1061, 478 N.E.2d 469.) Based upon our review of plaintiff's amended complaint, we conclude that it is sufficient to demonstrate that defendants' alleged violation of the Structural Work Act was wilful.

Because we find count IV of plaintiff's amended complaint sufficient to overcome defendants' dismissal motion, we conclude that plaintiff's derivative action for loss of consortium was also improperly dismissed.

For the reasons stated, the trial court's dismissal of count III is affirmed, the trial court's dismissal of counts IV and VII is reversed, and the cause is remanded for further proceedings.

Affirmed in part; reversed in part and remanded.

LINN and JIGANTI, JJ., concur.