LINDA POKE, Plaintiff-Appellant, v. ILLINOIS POWER COMPANY, Defendant-Appellee.

Fourth District   No. 4—89—0142

Opinion filed August 31, 1989.—Rehearing denied September 29, 1989.

Smith, Waters, Kuehn, Burnett & Hughes, Ltd., of Peoria (Steven P. Glancy, of counsel), for appellant.

Arnold F. Blockman, of Hatch, Blockman, McPheters, Fehrenbacher & Lyke, of Champaign, for appellee.

JUSTICE LUND delivered the opinion of the court:

Plaintiff Linda Poke filed a two-count complaint against defendant Illinois Power Company seeking compensation for injuries she incurred when she fell in the lobby of an office building owned by defendant in Danville. Upon motion of defendant, the circuit court of Vermilion County dismissed the complaint. Plaintiff filed an amended count I, which was also dismissed. Plaintiff appeals. We affirm.

In her complaint, plaintiff alleged that she had slipped on an accumulation of water in the lobby of defendant's office building and sustained injuries. Count I of her complaint alleged defendant had violated a duty of care based on section 8—101 of the Public Utilities Act (Ill. Rev. Stat. 1987, ch. 111⅔, par. 8—101), by allowing the accumulation to stand in the lobby, and in failing to properly warn the public of the dangerous condition. Count II alleged a cause of action based on the Premises Liability Act (Ill. Rev. Stat. 1987, ch. 80, pars. 301 through 304). Following the dismissal of plaintiff's complaint, plaintiff filed only an amended count I. Amended count I was virtually identical to the previous version. The only differences were that it clearly stated a theory of negligence based on the failure to comply with the Public Utilities Act, and asserted an additional ground for negligence on the part of defendant, in that defendant failed to provide any material for traction when the floor became wet.

The order of the court found the complaint failed to state a cause of action. The court held that, as a matter of law, there was no duty under section 8—101 of the Public Utilities Act (Ill. Rev. Stat. 1987, ch. 111²/₃, par. 8—101) which covered natural accumulations of water in an office building owned by a public utility. Also, the court held that, as a matter of law, there was no duty on the part of owners of buildings for injuries caused by natural accumulations of water. On appeal, plaintiff argues: (1) section 8—101 of the Public Utilities Act (Ill. Rev. Stat. 1987, ch. 111²/₃, par. 8—101) provides a cause of action in negligence for persons injured in an office building owned by a public utility; and (2) the Premises Liability Act (Ill. Rev. Stat. 1987, ch. 80, pars. 301 through 304) abolished the common law rule that landowners are not liable for injuries caused by natural accumulations of water.

Under common law principles, a landowner's duty to an invitee is to exercise ordinary care in the use and maintenance of his property, but he has no duty and liability for injuries sustained as a result of the presence of naturally accumulated water. (*Lohan v. Walgreens Co.* (1986), 140 Ill. App. 3d 171, 173, 488 N.E.2d 679, 680; *Walker v. Chicago Transit Authority* (1980), 92 Ill. App. 3d 120, 122, 416 N.E.2d 10, 12.) Further, the landowner has no duty to continuously remove tracks left by customers who have walked through such natural accumulations. (*Lohan*, 140 Ill. App. 3d at 173-74, 488 N.E.2d at 681.) These principles apply to snow or water that is tracked inside a building from natural accumulations outside. (*Lohan*, 140 Ill. App. 3d at 174, 488 N.E.2d at 681; *Bernard v. Sears, Roebuck & Co.* (1988), 166 Ill. App. 3d 533, 535, 519 N.E.2d 1160, 1161.) Therefore, under common law principles, plaintiff has no cause of action against defendant.

Plaintiff argues section 8—101 of the Public Utilities Act (Ill. Rev. Stat. 1987, ch. 111²/₃, par. 8—101) should be found to create a duty for public utility landowners in derogation of the common law. Section 8—101 of the Public Utilities Act (Ill. Rev. Stat. 1987, ch. 111²/₃, par. 8—101) states, in pertinent part:

"Every public utility shall furnish, provide and maintain such service instrumentalities, equipment and facilities as shall promote the safety, health, comfort and convenience of its patrons, employees and public and as shall be in all respects adequate, efficient, just and reasonable."

Plaintiff has offered no reason for us to find a liability, other than emphasizing a broad interpretation of the language of the statute. We decline to do so. We can find no reason to treat a public utility, such

as defendant, in a special manner. In this situation, defendant is in the position of every other landowner. Plaintiff's injury was in no way related to the operation of a public utility. She simply slipped and fell in a building owned by defendant. We decline to interpret section 8—101 of the Public Utilities Act as a basis for liability in a normal slip-and-fall case. The common law principles adequately encompass this situation.

Plaintiff's second argument is based on the Premises Liability Act (Ill. Rev. Stat. 1987, ch. 80, pars. 301 through 304). Prior to addressing the merits of plaintiff's argument, we must address a preliminary matter.

■■ ■ Defendant argues plaintiff failed to preserve her argument concerning count II by failing to replead the cause of action in her amended pleading. Where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being, in effect, abandoned and withdrawn. (*Bowman v. County of Lake* (1963), 29 Ill. 2d 268, 272, 193 N.E.2d 833, 835.) Following the dismissal of plaintiff's complaint, plaintiff filed an "Amended Count I." This pleading began with the following prefatory sentence:

"Now comes the Plaintiff, LINDA POKE, by her attorneys, SMITH, WATERS, KUEHN, BURNETT & HUGHES, LTD., and without pleading over Count II of the Complaint, for her following Amended Count I, states."

Although plaintiff's method of pleading is vague, we find plaintiff sufficiently referred to count II to indicate she was preserving the claim for appeal. The amended pleading was not a complete amended complaint, but, rather, an amended count from the previously dismissed complaint. The better practice would have been to replead count II in her amended complaint, thereby eliminating any ambiguity.

■■ Plaintiff argues section 2 of the Premises Liability Act (Ill. Rev. Stat. 1987, ch. 80, par. 302) eliminated the common law rule regarding natural accumulations of water. Section 2 of the Premises Liability Act (Ill. Rev. Stat. 1987, ch. 80, par. 302) states as follows:

"The distinction under the common law between invitees and licensees as to the duty owed by an owner or occupier of any premises to such entrants is abolished.

The duty owed to such entrants is that of reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them."

Plaintiff cites no case holding to her argument. We find plaintiff is mistaken in her interpretation of section 2. The purpose of section 2

was to eliminate the distinction between invitees and licensees who enter upon the property of another. We do not find the legislature intended to eliminate all the other common law principles along with this distinction. Plaintiff's complaint was properly dismissed.

For the reasons stated above, the order of the circuit court of Vermilion County is affirmed.

Affirmed.

SPITZ and STEIGMANN, JJ., concur.