NOMA WEST, Plaintiff-Appellant, v. PERRY M. KIRKHAM *et al.*, Defendants-Appellees (The City of Urbana, Defendant).

Fourth District   No. 4—90—0539

Opinion filed January 31, 1991.—Rehearing denied March 4, 1991.

Andrew J. Kleczek, of Kelly & Kleczek, of Joliet, for appellant.

James C. Kearns and Bradford J. Peterson, both of Heyl, Royster, Voelker & Allen, of Urbana, for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Noma West appeals from an order granting summary judgment to defendants Perry Kirkham, Wheels, Inc., and Pfizer, Inc. Plaintiff argues the trial court erred in finding, as a matter of law, that plaintiff's contributory negligence exceeded 50% and, therefore, plaintiff was barred from recovering damages from the defendants. We reverse.

This action is based on an automobile collision on June 8, 1988, a sunny, dry day, between plaintiff's car and the car defendant Kirkham was driving. The collision occurred at 2:16 p.m. at the intersection of Lincoln Avenue and Bradley Street in Urbana. Plaintiff was driving southbound on Lincoln Avenue; defendant was driving northbound. At the intersection of Lincoln and Bradley, plaintiff stopped to make a left turn onto Bradley. The intersection was regulated by traffic lights. The northbound lanes of Lincoln at this intersection have a left-turn lane and a left-turn arrow regulating traffic intending to travel westbound on Bradley. The southbound lanes do not have a left-turn lane or left arrow.

Immediately prior to the accident, the traffic on Lincoln was regu-

lated by a green traffic signal. In a first affidavit filed September 1989 in response to a motion for summary judgment filed by another defendant, City of Urbana, plaintiff stated two vehicles were stopped at the intersection in the northbound lanes attempting to make a left turn onto Bradley westbound. Further, plaintiff stated in the affidavit that northbound traffic is not completely visible at the intersection due to a dip in the road approximately 200 feet south of the intersection. Plaintiff proceeded into the intersection while looking for northbound traffic. Plaintiff stated she "did not see the Kirkham vehicle until impact, even though she looked and attempted to observe northbound traffic on Lincoln."

In a second affidavit filed in November 1989, in response to defendants' motion for summary judgment, plaintiff again stated that the dip in the road partially or completely affected the visibility of automobiles driving through the dip. Plaintiff's affidavit stated she "did not see the automobile being driven by the Defendant, Perry Kirkham, until immediately [sic] prior to and at the time of the impact, at which time he was traveling at a speed of at least 50 to 55 miles per hour."

At the time of the accident, defendant was employed by Pfizer and driving a car leased by Pfizer from Wheels, Inc. In a deposition, defendant testified he was traveling 35 miles per hour when he approached the intersection. Defendant recalled two vehicles were in the northbound left-turn lane when he approached the intersection. Defendant did not slow down at the intersection. Defendant stated he never saw plaintiff's car before the collision. Defendant did not recall applying his brakes before the collision. Defendant stated he may have seen plaintiff's car 10 to 15 feet before the collision.

In her complaint, plaintiff alleged defendant was negligent in (1) traveling at an excessive speed; (2) disobeying traffic control signals; (3) driving with defective brakes; (4) failing to apply his brakes or otherwise control his vehicle to avoid the accident; and (5) failing to keep a proper look out for vehicles in the intersection. In their answer, the defendants asserted plaintiff's own negligence exceeded 51% and that negligence was the proximate cause of plaintiff's injuries.

In their motion for summary judgment, defendants alleged the following facts were undisputed: plaintiff entered the intersection when she was unable to observe the northbound traffic and defendant was traveling at the speed limit prior to the collision. Defendants asserted plaintiff could not prove she was less than 50% contributorily negligent in causing the accident. Therefore, they were entitled to judgment as a matter of law. By docket entry, the trial court granted

defendants' motion for summary judgment. The trial judge stated the following in a letter to the parties:

> "Upon the evidence adduced from the materials in support of and in opposition to the Motion, the Court is of the opinion that the trier of fact could not properly find that plaintiff was free from contributory negligence and the plaintiff was not more than 50% contributorily negligent in the premises."

Plaintiff argues the trial court erred in entering summary judgment for defendants because the issues of negligence and comparative negligence are questions of fact for the trier of fact. Since these facts are disputed, summary judgment was improperly granted. Defendants rely principally on section 2—1116 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—1116), which bars a plaintiff who is more than 50% contributorily negligent from recovering damage from injuries.

Defendants assert the issue of plaintiff's contributory negligence becomes a question of law when the evidence, viewed in the light most favorable to the plaintiff, cannot support a verdict for the plaintiff. Defendants contend that under section 2—1116, when presented with a motion for summary judgment on the issue of comparative negligence, a trial court should grant the motion where it finds the trier of fact could not find, from the evidence presented, that the plaintiff was less than 51% contributorily negligent. Defendants maintain such is the case presented and, therefore, summary judgment in their favor was proper. Alternatively, defendants argue the evidence does not support a finding that defendant Kirkham was negligent or the proximate cause of plaintiff's injuries. Therefore, summary judgment for defendants was proper.

■■■ When a plaintiff appeals from a trial court's order granting summary judgment for a defendant, the only issue on appeal is whether " 'the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005.)" (*Wilmere v. Stibolt* (1987), 152 Ill. App. 3d 642, 646, 504 N.E.2d 916, 918.) Where, as here, a defendant files a motion for summary judgment, the plaintiff must come forward with evidence of negligence on the part of defendant and with evidence that defendant's negligence was the proximate cause of plaintiff's injuries. (*Whitman v. Lopatkiewicz* (1987), 152 Ill. App. 3d 332, 336, 504 N.E.2d 243, 245.) Where the pleadings, depositions, and other evidence before the court in a motion for summary judgment show that at trial a verdict would

have to be directed, entry of summary judgment is proper. (*Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 272 N.E.2d 497.) The trial court must construe the pleadings, depositions, and affidavits in the light most favorable to the non-moving party. (*Wilmere*, 152 Ill. App. 3d at 646, 504 N.E.2d at 918.) Summary judgment will not be reversed absent an abuse of discretion by the trial court such that the plaintiff's right to fundamental justice is violated. *Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 86, 508 N.E.2d 1201, 1208.

■ In the case presented, the trial judge found the trier of fact could not find plaintiff was free from contributory negligence or that plaintiff was not more than 50% contributorily negligent in causing the accident. Ordinarily, the question of contributory negligence is a question of fact for the jury, but it becomes a question of law when all reasonable minds would agree that the evidence and reasonable inferences therefrom, viewed in a light most favorable to the nonmoving party, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. (*Gruidl v. Schell* (1988), 166 Ill. App. 3d 276, 281, 519 N.E.2d 963, 967, citing *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.) The trial court considered section 2—1116 of the Code, which sets forth a modified comparative negligence rule:

> "In all actions on account of bodily injury or death or physical damage to property, based on negligence, or product liability based on strict tort liability, the plaintiff shall be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery is sought. The plaintiff shall not be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is not more than 50% of the proximate cause of the injury or damage for which recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of fault attributable to the plaintiff." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1116.)

Defendants urge the trial court properly considered section 2—1116 in deciding the summary judgment motion. Plaintiff relies principally on *Johnson v. Colley* (1986), 111 Ill. 2d 468, 490 N.E.2d 685, to support her claim that the issue of her contributory negligence is a question of fact for the trier of fact.

In *Johnson*, the jury returned a verdict for plaintiff in an automobile crash case but found the plaintiff driver was 60% contributorily

negligent in causing his injuries. The appellate court reversed the contributory negligence finding, reasoning the evidence established the plaintiff driver was driving slowly prior to the collision and defendant failed to establish any contributory negligence on plaintiff's part. Defendants appealed to the supreme court, which reversed the appellate court and affirmed the jury's findings. The supreme court applied the rule announced in *Pedrick* concerning judgments *n.o.v.* and found the evidence of poor road conditions and visibility and the evidence suggesting plaintiff's excessive speed for conditions supported the jury's findings. The court also stated:

> "Whether conduct was negligent or contributorily negligent is rarely decided as a matter of law. The determination of what conduct is negligent or contributorily negligent is a composite of the experiences of average people, and is left to the jury for evaluation." *Johnson*, 111 Ill. 2d at 475, 490 N.E.2d at 688.

The evidence established the weather conditions on the day of the accident were good and both plaintiff and defendant had a green light. According to the 'police report from the accident, plaintiff told the officer at the scene that her view of oncoming northbound traffic was obstructed by two vehicles stopped in the northbound left-turn lane. Plaintiff was issued a citation at the scene for failing to yield on making a left turn. In her first and second affidavit, plaintiff stated the dip in the road obstructed her view of oncoming northbound traffic. In her second affidavit, plaintiff stated defendant was speeding when he entered the intersection. Defendant denies he was speeding. Defendant did not specifically recall applying his brakes but opined he must have because his brake pedal was depressed to the floor of his car after the accident. Defendant did not recall the dip in the road in the north lane obstructing his view of the intersection. Defendant stated he would have seen plaintiff making a left turn if the two vehicles in the left turn lane had not been there. The officer at the scene testified the intersection at Lincoln and Bradley in Urbana is dangerous because it is hard to see the intersection from the north lanes when in the dip and the southbound traffic at the intersection cannot see northbound traffic in the dip. The officer testified he believed both plaintiff and defendant were traveling the speed limit at the time of the collision based on the position of both cars after the accident.

■■■ We cannot say from the evidence presented that there is no genuine issue of material fact. The parties dispute whether defendant was speeding and whether the dip in the northbound lanes of Lincoln obstructs a clear view of traffic in the intersection. These facts distinguish this case from *Whitman* and *Wilmere*, relied upon by defend-

ants. Resolution of these disputed facts will necessarily involve a credibility determination by the trier of fact. Defendants argue plaintiff's affidavit testimony regarding Kirkham speeding at the intersection should not be considered because it is contradictory to plaintiff's prior sworn testimony. We disagree. In her first affidavit, plaintiff presented her evidence in opposition to a motion for summary judgment filed by the City of Urbana. The issues raised regarding the City's negligence were different. The two affidavits are not clearly contradictory. The circumstances of the accident, what the plaintiff did and observed, the defendant's actions and plaintiff's right to recover are unresolved questions of fact. Construing, as we must, the evidence in the light most favorable to plaintiff, we conclude disputed facts remain to preclude summary judgment.

As stated, defendants urge the trial court can properly consider section 2—1116 of the Code in granting summary judgment. Without deciding the issue, the fact remains the case presented is not a proper one for summary judgment.

■ Defendants filed a motion to strike portions of the supplement to the record filed by plaintiff. The motion was ordered taken with the case by this court. Specifically, defendants urge that certain handwritten notes on a copy of a motion for summary judgment in the supplement should be stricken. The notes defendants refer to contain the words "untrue" and "improper evidence" and appear after two subparagraphs in the motion. The notes are not part of the trial record. Defendants' motion to strike the notes is granted.

For the foregoing reasons, the order granting summary judgment to defendants is reversed.

Reversed.

SPITZ and KNECHT, JJ., concur.