BOBBY JOE CRIDER *et al.*, Plaintiffs-Appellants, v. WILLIAM CRIDER, Defendant-Appellee.

Third District   No. 3—91—0538

Opinion filed February 26, 1992.

Blanke, Norden, Barmann, Kramer & Bohlen, P.C., of Kankakee (Christopher W. Bohlen, of counsel), for appellants.

Jay H. Tressler, of Tressler, Soderstrom, Maloney & Priess, of Chicago (Edmund J. Siegert, of counsel), for appellee.

JUSTICE SLATER delivered the opinion of the court:

In this negligence action, the trial court granted defendant's motion for summary judgment, finding that plaintiffs had failed to establish the existence of a duty. We affirm.

Defendant William Crider asked his son, plaintiff Bobby Joe Crider (Bobby Joe), to help trim a tree located on defendant's property. Defendant had considerable experience in trimming trees, but Bobby Joe had none. Defendant testified at his deposition that he pointed out which branches to cut and "tried to show him the best I could how to niche [*sic*] it and to cut the thing." Defendant also testified that he told Bobby Joe to notch the tree to a depth of two or three inches, but Bobby Joe cut too deeply into the tree.

Bobby Joe climbed up the tree and tied a rope around the trunk. The other end of the rope was tied to the bumper of defendant's vehicle. After trimming away some branches with a chain saw, Bobby Joe made two or three cuts into the main trunk of the tree. Bobby Joe testified that although he and his father may have discussed trimming the tree, defendant did not "give [him] specific directions on how to make the cuts." Shortly after cutting into the main trunk of the tree, the top of the tree fell and knocked Bobby Joe to the ground, causing injuries.

Plaintiffs' complaint alleged that defendant had a duty to protect Bobby Joe "from dangers about which he had knowledge or which pursuant to reasonable care he should have had knowledge." Plaintiffs also claimed that defendant had a duty to inspect his premises for possible dangers and to protect Bobby Joe from reasonably foreseeable dangers. Plaintiffs further alleged that the defendant was negligent in that:

"a. The Defendant knew or should have known that the tree was in an unsafe and dangerous condition and failed to warn the Plaintiff of the unsafe and dangerous condition.

b. The Defendant knew or should have known that there was insufficient tension on a rope which he had used for the purposes of securing said tree.

c. The Defendant provided instruction and direction to the Plaintiff without having sufficient knowledge or basis to provide said instruction and direction.

d. The Defendant had failed to have the tree, which was being cut, inspected to determine the condition of said tree and whether said tree could reasonably be cut in the manner and form prescribed by the Defendant herein."

Defendant's motion for summary judgment was initially denied by the trial court. Upon motion for reconsideration, however, the trial court granted defendant's motion, finding that plaintiffs had failed to establish the existence of a duty.

Summary judgment should be granted where the pleadings, depositions and affidavits reveal that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (*Vesey v. Chicago Housing Authority* (1991), 145 Ill. 2d 404, 583 N.E.2d 538; Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) In a negligence action, the plaintiffs must set out sufficient facts to establish the existence of a duty, a breach of that duty and an injury proximately caused by that breach. (*Vesey*, 145 Ill. 2d 404, 583 N.E.2d 538; *Ziemba v. Mierzwa* (1991), 142 Ill. 2d 42, 566 N.E.2d 1365.) Whether a duty exists is a question of law and depends upon whether there is a relationship between the parties which the law recognizes as imposing an obligation on the defendant to act reasonably for the protection of the plaintiff. (*Vesey*, 145 Ill. 2d 404, 583 N.E.2d 538; *Ziemba*, 142 Ill. 2d 42, 566 N.E.2d 1365.) Relevant factors in determining the existence of a duty include the foreseeability of injury, the likelihood of injury, the magnitude of the burden of guarding against the injury, the consequences of placing that burden on the defendant and the possible seriousness of the injury. (*Deibert v. Bauer Brothers Construction Co.* (1990), 141 Ill. 2d 430, 566 N.E.2d 239.) Absent a showing from which the court can infer the existence of a duty, summary judgment in favor of the defendant is proper. *Vesey*, 145 Ill. 2d 404, 583 N.E.2d 538.

●1 Plaintiffs contend that the defendant had a duty as a possessor of land to maintain his premises in a reasonably safe condition. (*Deibert*, 141 Ill. 2d 430, 566 N.E.2d 239; *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 554 N.E.2d 223; Restatement (Second) of Torts §343, at 215-16 (1965).) While plaintiffs acknowledge that a landowner is generally not liable for injuries resulting from conditions on the land where the dangers are known or obvious (*Deibert*, 141 Ill. 2d 430, 566 N.E.2d 239; Restatement (Second) of Torts §343A(1), at 218 (1965)), plaintiffs seek to invoke the exception to this rule as explained in *Deibert* and *Ward*. In those cases our supreme court held that a defendant may be liable for conditions whose dangers are known or obvious if the defendant should anticipate the harm despite such knowledge or obviousness. "[D]efendant can be expected under certain circumstances to anticipate that [plaintiffs] even in the general exercise of reasonable care will be distracted or momentarily forgetful." (*Ward*, 136 Ill. 2d at 155, 554 N.E.2d at 234.) In *Ward* the plaintiff was distracted by a large item he had purchased at the store. In *Deibert* the plaintiff was distracted by the possibility of falling debris at a construction site.

Unlike *Deibert* and *Ward,* in this case there are neither allegations nor evidence that Bobby Joe was distracted or that he momentarily forgot the danger involved. In his deposition testimony, Bobby Joe acknowledged that he had seen trees being trimmed and that he understood that trimming a tree was a dangerous activity. He stated: "I got up in the tree and I made some cuts and the damn thing fell on me." We believe that the facts of this case are more akin to those in *Logan v. Old Enterprise Farms, Ltd.* (1990), 139 Ill. 2d 229, 564 N.E.2d 778, and *Coates v. W.W. Babcock Co.* (1990), 203 Ill. App. 3d 165, 560 N.E.2d 1099, than to *Deibert* or *Ward.*

In *Logan,* the 15-year-old plaintiff climbed a tree to loosen a rope swing from a branch in which it had become entangled. As plaintiff began to climb back down the tree, he fell and severe injuries resulted. Plaintiff alleged in his complaint that the landowner failed to maintain its premises in a safe condition and failed to warn plaintiff of the dangerous conditions existing on the premises. Plaintiff contended that the combination of the tree, the rope swing and a nearby ladder interacted to create a dangerous condition. The trial court granted the landowner's motion for summary judgment, finding no legal duty upon which liability could be based. In affirming the trial court, the supreme court noted that the plaintiff presented no evidence to create an issue as to the safety of the tree, the rope swing or a combination of the items. The court concluded that "the risk of falling out of the tree was an obvious danger which plaintiff was reasonably expected to understand and appreciate." *Logan,* 139 Ill. 2d at 241, 564 N.E.2d at 784.

In *Coates,* Alonzo Coates volunteered to install ceiling fans in a church. Coates fell from a ladder while installing the fans, suffering serious injury. Plaintiff (Coates' wife) alleged, in count III of her complaint, that defendants owed Coates a duty of reasonable care for his safety pursuant to the Premises Liability Act (Ill. Rev. Stat. 1989, ch. 80, par. 301 *et seq.*). Plaintiff maintained that defendants breached this duty in failing to oversee the work and in failing to provide adequate equipment. In affirming the trial court's dismissal of count III, the court stated that it was well established that a landowner is not liable for injuries resulting from open and obvious dangers, including the open and obvious danger of falling from high places. In addition, the court rejected plaintiff's argument that the landowner should have known that Coates would be distracted and momentarily forget the danger, noting that there was nothing in the complaint "to indicate that defendants should have realized that Coates would be distracted and, forgetting the height from which he was working, act in such a

manner that he would inadvertently fall from the ladder." *Coates*, 203 Ill. App. 3d at 168-69, 560 N.E.2d at 1102.

Similarly, in this case, there is nothing in the record to indicate that Bobby Joe was distracted or momentarily forgetful of his precarious position. The danger of falling from the tree was known and obvious. Since the risk was obvious, the tree was not unreasonably dangerous. (See *Ward*, 136 Ill. 2d at 151-52, 554 N.E.2d at 232 ("The proper question *** is not whether the post was inherently dangerous, but whether, under the facts of this case, it was unreasonably dangerous").) Defendant, therefore, had no duty to warn Bobby Joe about risks which were known to him. (*Briones v. Mobil Oil Corp.* (1986), 150 Ill. App. 3d 41, 501 N.E.2d 821.) In addition, defendant had no duty to have the tree inspected absent an allegation or evidence that some latent defect existed which rendered the tree unreasonably dangerous. The record is devoid of evidence of such a defect. Indeed, plaintiffs admit in their brief that "there is no argument that there is a latent dangerous condition."

Plaintiffs maintain, however, that defendant owed Bobby Joe a duty of reasonable care apart from any duty which might arise under a theory of premises liability. Specifically, plaintiffs contend that defendant owed Bobby Joe a duty to maintain tension on the rope which was attached to the tree and the defendant's vehicle on the ground below. Although not articulated by plaintiffs, it appears that this argument is premised on a theory that defendant voluntarily assumed a duty to protect Bobby Joe by keeping the rope taut. (See *Vesey*, 145 Ill. 2d 404, 583 N.E.2d 538 (One gratuitously rendering services to another is subject to liability for harm caused by the failure to exercise due care).) We find nothing in the record, however, to support the imposition of such a duty on defendant. Plaintiffs attempt to rely on the following exchange between plaintiffs' counsel and defendant which occurred during the taking of defendant's deposition:

"Q. [Plaintiffs' counsel:] Was there any tension on the rope at the time that it was tied?

A. [Defendant:] No, the rope was slack.

Q. Okay. Was there any thought of using some tension on the rope or, [*sic*] in order to control the direction that the limb would fall?

A. Well, better—did."

While it could be argued that the foregoing testimony, standing alone and viewed liberally in favor of the plaintiffs (see *Logan*, 139 Ill. 2d 229, 564 N.E.2d 778 (in ruling on a motion for summary judgment, the court must construe the evidence strictly against the moving

party and liberally in favor of the opponent)), supports an inference that defendant intended to keep the rope taut, the remainder of the deposition testimony of both Bobby Joe and defendant clearly indicates otherwise.

"Q. [Plaintiffs' counsel:] And then, that rope was tied to the Blazer?

A. [Defendant:] To the trailer hitch on the Blazer, yeah.

* * *

Q. Okay. What was the purpose of doing that?

A. Well, he was supposed to cut in just so far. And I, he would get down and I'd pull it over.

* * *

Q. How far did you tell, was that how far you told him to go in, was six, seven or eight inches?

A. Well, I told him to stop about two or three inches where he had notched it, and I'd try to pull it over."

Bobby Joe testified in his deposition as follows:

"Q. [Defense counsel:] What was the purpose of tying the rope to the top of the tree?

A. [Bobby Joe:] That was to pull it, pull it down to get a cut started and have it fall down, fall away from where I was at, fall away from the lines, fall away from the house.

* * *

Q. Okay and the plan was then to cut at the trunk and then have the truck pull the trunk away and all the branches with it?

A. Right.

* * *

Q. You turned the chain saw off, you are still sitting on your branch, you got the three cuts in the tree?

A. Right.

Q. Obviously the intention here was to have him drive the truck east and pull—

A. Yes, sir.

Q. —pull the top of the tree east?

A. Exactly right."

We believe that the testimony related above clearly demonstrates that the rope was intended to be used to pull the top of the tree away from the house after it had been notched. We find that the single question by plaintiffs' counsel concerning whether any thought had been given to applying tension to the rope and defendant's equivocal response to that question do not create a genuine issue of material fact. Defendant did not assume a duty to keep the rope taut.

■ Plaintiffs also rely on the allegations contained in subparagraph (c) of their complaint to establish the existence of a duty. Plaintiffs contend that defendant instructed and directed Bobby Joe "without having sufficient knowledge or basis to provide said instruction and direction." Plaintiffs again appear to be arguing that defendant voluntarily assumed a duty—the duty to instruct Bobby Joe in trimming the tree. Although Bobby Joe testified in his deposition that defendant did not give him specific directions on how to cut the tree, defendant stated that he tried to show Bobby Joe "the best [he] could" how to trim the tree.

While liability can arise from the negligent performance of a voluntary undertaking, the scope of the duty is limited by the extent of the undertaking. (*Goebig v. City of Chicago* (1989), 188 Ill. App. 3d 614, 544 N.E.2d 1114.) One voluntarily assuming a duty must perform it with due care or with such competence and skill as one possesses. (*Vesey*, 145 Ill. 2d 404, 583 N.E.2d 538; *Cross v. Wells Fargo Alarm Services* (1980), 82 Ill. 2d 313, 412 N.E.2d 472.) After examining the pleadings and depositions contained in the record, we do not believe that a genuine issue of material fact exists as to whether the defendant negligently performed a voluntary undertaking. Any duty of instruction assumed by defendant was confined to instructing Bobby Joe within the limits of defendant's competence and skill, which he testified he did. There is no evidence to the contrary, nor is there any indication that defendant gave improper or faulty instructions which increased Bobby Joe's risk of harm. Moreover, Bobby Joe's deposition testimony does not indicate that he relied on any instructions given by defendant in trimming the tree. We find that the trial court properly granted summary judgment in favor of the defendant.

For the above stated reasons, we affirm the judgment of the circuit court.

Affirmed.

BARRY, P.J., and McCUSKEY, J., concur.