NO. 4-07-1064          Filed 7/23/08

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| JAMES MICHAEL BUERKETT and<br>JENNIFER BUERKETT,<br>    Plaintiffs-Appellants,<br>         v.<br>ILLINOIS POWER COMPANY, an<br>Illinois Corporation; ILLINOIS POWER<br>COMPANY, d/b/a AMERENIP; AMEREN<br>CORPORATION, a Missouri Corporation;<br>AMEREN CORPORATION, d/b/a AMERENIP;<br>AMERINIP; and DYNEGY, INC., an Illinois<br>Corporation,<br>    Defendants-Appellees. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Appeal from<br>Circuit Court<br>of Champaign County<br>No. 05L283<br><br><br><br><br>Honorable<br>Jeffrey B. Ford,<br>Judge Presiding. |

_____

JUSTICE MYERSCOUGH delivered the opinion of the court:

Plaintiffs James Michael Buerkett (Michael) and Jennifer Buerkett (Jennifer) filed negligence and loss of consortium claims against defendant Illinois Power (IP). On November 27, 2007, the trial court granted IP's motion for summary judgment. The Buerketts appeal, contending the trial court erred in granting summary judgment when it (1) found IP owed no common-law duty of care to plaintiffs, (2) found IP owed no duty of care to plaintiffs under the Public Utilities Act (Act) (220 ILCS 5/8-101 (West 2006)), and (3) denied plaintiffs' claim for breach of voluntary undertaking. We affirm.

I. BACKGROUND

In October 2003, Michael worked as a freelance landscaper and tree trimmer. Michael entered into an agreement

to perform tree-trimming services on property located in Champaign. As Michael was preparing to work on a tree, IP employees requested Michael stop work until IP could remove a utility pole that was in close proximity to the tree and allow IP to relocate the power lines servicing the property. Michael agreed to stop work.

Michael drove by the property sometime thereafter and could no longer see the utility pole. Michael returned to the property to complete the tree-trimming work. The tree was located in close proximity to a privacy fence. When Michael conducted a pre-climb inspection, he saw the utility pole had not been completely removed, but rather was cut the same height as the privacy fence. The parties refer to the pole as a "stub" utility pole. After completing his work, Michael began descending the tree, but he slipped and fell, hitting his right hip on top of the stub utility pole, sustaining injuries. Michael filed a complaint against IP for negligence. Jennifer filed a claim for loss of consortium.

IP denied in its answer that it was negligent. After completion of discovery, IP filed a motion for summary judgment arguing Michael could not establish as a matter of law that IP owed Michael a duty to protect him from an open and obvious condition. IP also requested that, if summary judgment were granted on the negligence count, the derivative consortium claim

should also be dismissed.

On November 27, 2007, the trial court heard arguments and granted IP's motion for summary judgment. This appeal followed. We affirm the trial court's grant of summary judgment.

## II. ANALYSIS

### A. Michael Failed To Present a Complete Record on Appeal

Before addressing the applicable facts, this court notes that Michael failed to provide it with a complete record. Michael appeals the trial court's summary judgment order, but the record on appeal fails to contain either (1) a docket sheet of the trial court's proceedings or (2) the trial court's written summary judgment order or (3) the transcript of the hearing for summary judgment. To determine whether a claimed error warrants relief, a court of review must have a complete record of the proceedings from which the appellant claims error. People v. Ortiz, 313 Ill. App. 3d 896, 900, 731 N.E.2d 937, 941 (2000). Because of the lack of a docket sheet or inclusion of a written order, it is unclear from a review of the record whether a written summary judgment order was issued or whether summary judgment was issued in a docket or minute entry. This court had to access the circuit clerk's website to determine that no written order was issued by the trial court.

Supreme Court Rule 321 provides that "[t]he record on appeal shall consist of the judgment appealed from, the notice of

appeal, and the entire original common[-]law record, unless the parties stipulate for, or the trial court, after notice and hearing, or the reviewing court, orders less." (Emphasis added.) 155 Ill. 2d R. 321.  Michael, the appellant in this case, failed to include a transcript of the hearing on IP's motion for summary judgment.  The appellant bears the burden of presenting a record that is adequate for a determination of the issues raised. People v. House, 202 Ill. App. 3d 893, 908, 560 N.E.2d 1224, 1234 (1990); see also Palmisano v. Connell, 179 Ill. App. 3d 1089, 1099, 534 N.E.2d 1243, 1250 (1989).

Supreme Court Rule 329 allows for supplementation of the record on appeal if the record on appeal is insufficient to present the questions involved.  210 Ill. 2d R. 329.  In the interest of the efficient administration of justice, IP's inclusion of the transcript of the summary judgment motion hearing will be treated as a motion to supplement the record and allowed.  We emphasize the importance of an accurate record on appeal.

### B. Standard of Review

A grant of summary judgment is appropriate when the pleadings, depositions, admissions, and affidavits demonstrate no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law.  735 ILCS 5/2-1005(c) (West 2006).  The pleadings, depositions, and admissions are to be

construed against the party moving for summary judgment. <u>Williams v. Manchester</u>, 228 Ill. 2d 404, 417, 888 N.E.2d 1, 9 (2008). If reasonable persons may draw different inferences from the undisputed facts or if material facts are disputed, summary judgment is precluded. <u>Williams</u>, 228 Ill. 2d at 417, 888 N.E.2d at 9.

> "Although summary judgment can aid in the expeditious disposition of a lawsuit, it remains a drastic means of disposing of litigation and, therefore, should be allowed only where the right of the moving party is clear and free from doubt. [Citation.] If the plaintiff fails to establish any element of the cause of action, summary judgment for the defendant is proper. [Citations.]" <u>Williams</u>, 228 Ill. 2d at 417, 888 N.E.2d at 9.

We review <u>de</u> <u>novo</u> the trial court's grant of a motion for summary judgment. <u>Williams</u>, 228 Ill. 2d at 417, 888 N.E.2d at 9. No deference is given to the trial court's ruling. <u>Interior Crafts, Inc. v. Leparski</u>, 366 Ill. App. 3d 1148, 1151, 853 N.E.2d 1244, 1247 (2006).

C. The Trial Court Did Not Err in
Its Grant of Summary Judgment

1. <u>The</u> <u>Trial</u> <u>Court</u> <u>Correctly</u> <u>Awarded</u> <u>Summary</u> <u>Judgment</u>
<u>as</u> <u>Illinois</u> <u>Power</u> <u>Did</u> <u>Not</u> <u>Owe</u> <u>Michael</u> <u>a</u> <u>Duty</u> <u>of</u> <u>Care</u>

To state a claim for negligence, a plaintiff must plead a duty owed by a defendant to that plaintiff, breach of that duty, and injury proximately caused by that breach of duty. Ford v. Round Barn True Value, Inc., 377 Ill. App. 3d 1109, 1113, 883 N.E.2d 20, 24 (2007); Marshall v. Burger King Corp., 222 Ill. 2d 422, 430, 856 N.E.2d 1048, 1053 (2006); Ward v. K mart Corp., 136 Ill. 2d 132, 140, 554 N.E.2d 223, 226 (1990).

Whether a duty of care exists is a question of law to be decided by the court. Shank v. Fields, 373 Ill. App. 3d 290, 292, 869 N.E.2d 261, 265 (2007); see also LaFever v. Kemlite Co., 185 Ill. 2d 380, 388, 706 N.E.2d 441, 446 (1998). The nature of the relationship of the parties to each other will determine whether a duty will be imposed as a matter of law. Grant v. South Roxana Dad's Club, 381 Ill. App. 3d 665, 669, 886 N.E.2d 543, 547 (2008), citing Marshall, 222 Ill. 2d at 441, 856 N.E.2d at 1060.

In deciding whether a defendant owes a plaintiff a duty, the court considers (1) whether the plaintiff's injury was reasonably foreseeable, (2) the likelihood of injury, (3) magnitude of burden of guarding against injury, and (4) the consequences of placing a burden on defendant. Grant, 381 Ill. App. 3d at 669, 886 N.E.2d at 547; see also Ward, 136 Ill. 2d at 140-41, 554 N.E.2d at 226-27. If there is no duty, a plaintiff cannot recover. Clifford v. Wharton Business Group, L.L.C., 353

Ill. App. 3d 34, 40, 817 N.E.2d 1207, 1213 (2004).

The first factor in determining duty is foreseeability. No legal duty arises unless the harm is reasonably foreseeable. Clifford, 353 Ill. App. 3d at 42, 817 N.E.2d at 1214. Foreseeability is decided by the reasonableness of the landowner's actions, not by the entrant's actions. LaFever, 185 Ill. 2d at 393, 706 N.E.2d at 448.

Illinois courts recognize an "open and obvious" exception to the duty of care owed by possessors of land to invitees, as it is not foreseeable that an invitee will be injured when the condition is obvious or known. The open-and-obvious exception is outlined in section 343A of the Restatement (Restatement (Second) of Torts §343A, at 218 (1965)). Ford, 377 Ill. App. 3d at 1116-17, 883 N.E.2d at 26; see also LaFever, 185 Ill. 2d at 390, 706 N.E.2d at 447. Section 343A(1) states:

> "A possessor of land is not liable to
> his invitees for physical harm caused to them
> by any activity or condition on the land
> whose danger is known or obvious to them,
> unless the possessor should anticipate the
> harm despite such knowledge or obviousness."
> Restatement (Second) of Torts §343A(1), at
> 218 (1965).

The focus, in determining whether a hazard is

foreseeable, is on the landowner's knowledge or what the landowner should have known. "The Restatement directs that with regard to open and obvious hazards, liability stems from the knowledge of the possessor of the premises, and what the possessor 'ha[d] reason to expect' the invitee would do in the face of the hazard." LaFever, 185 Ill. 2d at 392, 706 N.E.2d at 448, quoting Restatement (Second) of Torts, §343A, Comment f, at 220 (1965), and citing R. Ferrell, Emerging Trends in Premises Liability Law: Ohio's Latest Modification Continues to Chip Away at Bedrock Principles, 21 Ohio N.U.L. Rev. 1121, 1137 (1995). In general, entrants are expected to appreciate the dangers involved with heights. Ward v. Mid-American Energy Co., 313 Ill. App. 3d 258, 260, 729 N.E.2d 861, 863 (2000), citing Bucheleres v. Chicago Park District, 171 Ill. 2d 435, 448, 665 N.E.2d 826, 832 (1996).

There are exceptions to the open-and-obvious doctrine. Foreseeability will be found where a landowner knows or should know an entrant may be distracted. "[T]o the extent that the [open-and-obvious exception to the duty-of-care] rule may have held that the duty of reasonable care owed by an owner or occupier to those lawfully on his premises does not under any circumstances extend to conditions which are known or obvious to such entrants, that rule is not the law in this State." (Emphasis in original.) Ward, 136 Ill. 2d at 145, 554 N.E.2d at 229. Even

where the condition may be characterized as known or obvious:

> "If the defendant may reasonably be expected
> to anticipate that even those customers in
> the general exercise of ordinary care will
> fail to avoid the risk because they are
> distracted or momentarily forgetful, then his
> duty may extend to the risk posed by the
> condition." Ward, 136 Ill. 2d at 156, 554
> N.E.2d at 234.

This has come to be known as the "distracted" exception to the open-and-obvious exception to the duty of care. The recognition of the distracted exception in Ward requires a court to look beyond whether a condition is open and obvious and examine whether a defendant should have foreseen that a plaintiff was or could be distracted or forgetful.

Another exception to the open-and-obvious doctrine, the deliberate-encounter exception, provides that harm may also be reasonably anticipated when the possessor of land "'has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.'" LaFever, 185 Ill. 2d at 391, 706 N.E.2d at 448, quoting Restatement (Second) of Torts §343A, Comment f, at 220 (1965). Under the deliberate-encounter exception, individuals will make

deliberate choices to encounter hazards when faced with employment concerns, and those encounters are reasonably foreseeable by possessors of property. LaFever, 185 Ill. 2d at 394, 706 N.E.2d at 449.

As with the distraction exception, the focus with the deliberate-encounter analysis is on what the landowner anticipates or should anticipate the entrant will do. "[L]iability stems from the knowledge of the possessor of the premises, and what the possessor 'ha[d] reason to expect' the invitee would do in the face of the hazard." LaFever, 185 Ill. 2d at 392, 706 N.E.2d at 448, quoting Restatement (Second) of Torts §343A, Comment f, at 220 (1965).

In examining the issue of foreseeability in the case sub judice, the trial court found the stub utility post was open and obvious. Further, the court found no evidence that Michael was distracted or forgetful of the stub utility pole. The trial court concluded that the deliberate-encounter exception did not apply. The trial court concluded that imposing a duty on IP would "almost require" IP to ensure the safety of the invitees. The trial court then granted IP's motion for summary judgment, finding IP had no duty of care to Michael.

We agree with the trial court. Michael saw the utility pole and chose to continue with his work. Michael did not testify that he forgot about the utility pole after he saw it or

failed to protect himself from it because of a distraction. Michael testified at his deposition that he did not consider the utility pole to be an impediment to the safe performance of his work because he did not expect to fall or slip off the side of the tree trunk. Michael, an experienced tree trimmer, did not foresee that the stub utility pole was a danger. A duty should not be imposed upon IP to have foreseen a danger. IP was entitled to an expectation that Michael would exercise reasonable care for his own safety.

But foreseeability of injury alone is not dispositive when determining the existence of a duty in negligence cases. Simich v. Edgewater Beach Apartments Corp., 368 Ill. App. 3d 394, 410, 857 N.E.2d 934, 946 (2006). The likelihood of Michael's injury does not weigh heavily in favor of finding a duty. To guard against injury, IP or any utility company would have to keep the utility poles and the area around its utility poles clear from debris or other conditions that individuals could fall onto or over, which would be a great burden on IP. Requiring IP to keep areas surrounding its poles clear would have significant consequences because IP would have to continually monitor all of its poles to keep them free of debris. The trial court correctly issued summary judgment as IP owes no duty of care to Michael.

Regardless of whether a duty and a breach of that duty existed, there was overwhelming evidence of Michael's

contributory negligence.  While ordinarily the question of contributory negligence is a question of fact for the jury, "it becomes a question of law when all reasonable minds would agree that the evidence and reasonable inferences ***, viewed in a light most favorable to the nonmoving party, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand."  West v. Kirkham, 207 Ill. App. 3d 954, 958, 566 N.E.2d 523, 525 (1991).  The trial court correctly awarded summary judgment on the basis of Michael's overwhelming contributory negligence.

### 2. The Trial Court Correctly Awarded Summary Judgment as Illinois Power Did Not Owe Michael a Duty of Care Under the Public Utilities Act

In 1921, the General Assembly enacted the Public Utilities Act (Ill. Rev. Stat. 1921, ch. 111(a), par. 1 et seq.).  The purpose of the Act is to provide utility services at reasonable rates.  "The General Assembly finds that the health, welfare[,] and prosperity of all Illinois citizens require the provision of adequate, efficient, reliable, environmentally safe[,] and least-cost public utility services at prices which accurately reflect the long-term cost of such services and which are equitable to all citizens."  220 ILCS 5/1-102 (West 2006).

The Illinois Supreme Court described the legislative intent of the Act as: "The Public Utilities Act [citation] *** was enacted to assure the provision of efficient and adequate

- 12 -

utility service to the public at a reasonable cost." Local 777 v. Illinois Commerce Comm'n, 45 Ill. 2d 527, 535, 260 N.E.2d 225, 229 (1970).

The Act is to be read in favor of the utility because it is in derogation of common law. Tucker v. Illinois Power Co., 232 Ill. App. 3d 15, 29, 597 N.E.2d 220, 230 (1992). Courts will read nothing into the Act "by intendment or implication." Tucker, 232 Ill. App. 3d at 29, 597 N.E.2d at 230. "[T]he Act will not be extended any further than what the language of the statute absolutely requires by its express terms or by clear implication." Illinois-American Water Co. v. City of Peoria, 332 Ill. App. 3d 1098, 1105, 774 N.E.2d 383, 390 (2002).

Michael argues section 8-101 of the Act (220 ILCS 5/8-101 (West 2006)) should be found to create a duty for public utility landowners. Section 8-101 of the Act states, in pertinent part:

> "A public utility shall furnish,
> provide, and maintain such service
> instrumentalities, equipment, and facilities
> as shall promote the safety, health, comfort,
> and convenience of its patrons, employees,
> and public and as shall be in all respects
> adequate, efficient, just, and reasonable."
> 220 ILCS 5/8-101 (West 2006).

However, this Act does not create a duty when common-law negligence principles already establish a duty between parties. Poke v. Illinois Power Co., 187 Ill. App. 3d 631, 633-34, 543 N.E.2d 1085, 1087 (1989). The plaintiff there argued that the defendant had violated a duty of care based on section 8-101 of the Act by allowing an accumulation of water to stand in the lobby and in failing to properly warn the public of the dangerous condition. Poke, 187 Ill. App. 3d at 632, 543 N.E.2d at 1086. The appellate court declined to find liability and rejected treating a public utility differently or in a special manner from other landowners, as the plaintiff's injury was in no way related to the operation of the utility. Poke, 187 Ill. App. 3d at 633-34, 543 N.E.2d at 1087. As the common-law principles of negligence adequately addressed plaintiff's cause of action, the court declined to interpret section 8-101 of the Act as a basis for liability in a normal slip-and-fall case. Poke, 187 Ill. App. 3d at 634, 543 N.E.2d at 1087.

Before a duty will be found under the Act, a plaintiff is required to show that if a violation of the rules takes place, the rule was intended for the benefit of that plaintiff. To impose liability for a violation of a statute or rule designed to protect human life or property, a plaintiff must show the following: "(1) the violation proximately caused his injury; (2) the [party] belonged to the class of persons whom the rule was

intended to protect from injury; and (3) the kind of injury suffered by the [party] was the kind of injury the rule sought to prevent."  Miller v. Highway Commissioner of North Otter Township Road District, 344 Ill. App. 3d 1157, 1170, 801 N.E.2d 599, 610 (2003), citing Gouge v. Central Illinois Public Service Co., 144 Ill. 2d 535, 543, 582 N.E.2d 108, 112 (1991).

The Act and administrative rules were not designed to protect injured parties.  When a lineman was injured when he fell from a rotted utility pole, the appellate court found the rules promulgated by the Illinois Commerce Commission under the Act were not promulgated for the benefit of the injured lineman. Longnecker v. Illinois Power Co., 64 Ill. App. 3d 634, 641, 381 N.E.2d 709, 714-15 (1978).

> "Rather the regulations were designed for the protection of the public generally, and to insure the service of a continual supply of electrical energy without undue interruption. Thus the rules have no application to any duty owed by Illinois Power to the instant plaintiff, individually, under the circumstances herein."  Longnecker, 64 Ill. App. 3d at 641, 381 N.E.2d at 715.

While regulations and codes are admissible as standards in the industry for deciding whether reasonable care was used by

a defendant, a plaintiff must factually plead the applicability of the statute and its regulations to the underlying facts of the case. See Kotarba v. Jamrozik, 283 Ill. App. 3d 595, 598, 669 N.E.2d 1185, 1188 (1996). Michael has not alleged or shown which provisions or regulations of the Act were intended to protect him against this kind of injury. Because the common-law principles of negligence adequately address his cause of action, the trial court correctly awarded summary judgment.

### 3. The Trial Court Correctly Awarded Summary Judgment on Michael's Claim for Breach of Voluntary Undertaking

In providing a service, a possessor of land is obligated to use reasonable care not to create increased dangers on its property. Cross v. Wells Fargo Alarm Services, 82 Ill. 2d 313, 317, 412 N.E.2d 472, 474-75 (1980). "It is axiomatic that every person owes to all others a duty to exercise ordinary care to guard against injury which naturally flows as a reasonably probable and foreseeable consequence of his act, and that such duty does not depend upon contract, privity of interest[,] or the proximity of relationship, but extends to remote and unknown persons." Nelson v. Union Wire Rope Corp., 31 Ill. 2d 69, 86, 199 N.E.2d 769, 779 (1964); see also Rice v. White, 374 Ill. App. 3d 870, 884, 874 N.E.2d 132, 144 (2007).

If a person voluntarily agrees to perform a service necessary for the protection of another person or their property, a duty may be imposed on the party undertaking the service under

- 16 -

the voluntary-undertaking theory.  A person undertaking such service must perform the service in such a manner so as not to increase the risk of harm to the other person who relies on that undertaking.  One who is negligent in the undertaking will be held liable for the foreseeable consequences of the act if another suffers harm because they relied on the other's undertaking.  Bourgonje v. Machev, 362 Ill. App. 3d 984, 995-96, 841 N.E.2d 96, 107 (2005).  The voluntary-undertaking theory is outlined in section 323 of Restatement (Second) of Torts.  The Restatement provides:

> "One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a) his failure to exercise such care increases the risk of such harm, or
>
> (b) the harm is suffered because of the other's reliance upon the undertaking."
> Restatement (Second) of Torts §323, at 135 (1965).

- 17 -

The Illinois Supreme Court has adopted the Restatement. <u>Frye v. Medicare-Glaser Corp.</u>, 153 Ill. 2d 26, 32, 605 N.E.2d 557, 560 (1992).

Courts narrowly construe the voluntary-undertaking theory. <u>Frye</u>, 153 Ill. 2d at 33, 605 N.E.2d at 560; see also <u>Rice</u>, 374 Ill. App. 3d at 884, 874 N.E.2d at 144. A person who gratuitously or for consideration provides services to another person is subject to liability for bodily harm caused to the other if the person fails to exercise due care or "'"such competence and skill as [one] possesses."'" <u>Frye</u>, 153 Ill. 2d at 32, 605 N.E.2d at 560, quoting <u>Cross</u>, 82 Ill. 2d at 317, 412 N.E.2d at 474, quoting <u>Nelson</u>, 31 Ill. 2d at 85-86, 199 N.E.2d at 779; see also <u>Crider v. Crider</u>, 225 Ill. App. 3d 954, 960, 588 N.E.2d 439, 444 (1992). "[T]he scope of the duty is limited by the extent of the undertaking." <u>Crider</u>, 225 Ill. App. 3d at 960, 588 N.E.2d at 444.

While a voluntary undertaking may establish a duty between parties, a plaintiff must also establish breach of duty and proximate cause to recover. <u>Rice</u>, 374 Ill. App. 3d at 887-91, 874 N.E.2d at 146-50. While proximate cause is generally a question of fact, a court may determine a lack of proximate cause as a matter of law where the facts fail to establish both cause in fact and legal cause. <u>Rice</u>, 374 Ill. App. 3d at 888, 874 N.E.2d at 148. In <u>Rice</u>, even though this court found that

defendants had voluntarily undertaken a duty to check for weapons, no evidence established the defendants breached the duty to check for weapons or that defendant's acts were the proximate cause of the decedent's injuries. Rice, 374 Ill. App. 3d at 887-91, 874 N.E.2d at 146-50.

In determining whether a party may recover under the voluntary-undertaking theory, courts must examine whether there was reliance on the defendant's actions by the injured party. In doing so, there is a distinction between misfeasance and nonfeasance. Jakubowski v. Alden-Bennett Construction Co., 327 Ill. App. 3d 627, 640, 763 N.E.2d 790, 800 (2002). Nonfeasance applies where there is a failure by omission to perform the voluntary undertaking, and misfeasance is the negligent performance of the voluntary undertaking. Bourgonje, 362 Ill. App. 3d at 996, 841 N.E.2d at 107. "Under Illinois law, a plaintiff's reliance on the defendant's promise is an independent, essential element in cases of nonfeasance." Bourgonje, 362 Ill. App. 3d at 997, 841 N.E.2d at 108. However, to justify reliance, a plaintiff must be unaware of the actual circumstances and not equally capable of determining the facts. Bourgonje, 362 Ill. App. 3d at 1005, 841 N.E.2d at 115. With misfeasance, a plaintiff may recover if he relied on the volunteer's performance or if the volunteer's performance increased the risk of harm to plaintiff. Bourgonje, 362 Ill.

App. 3d at 997, 841 N.E.2d at 108.

In the case <u>sub</u> <u>judice</u>, IP voluntarily undertook the duty of relocating the power lines and initially undertook to remove the pole before Michael could trim the tree. Under these facts, nonfeasance is not applicable. To establish misfeasance, Michael must then show that either he relied on IP's performance or that IP's partial removal of the pole increased Michael's risk of harm. However, the undisputed testimony was that Michael saw the utility pole, knew it was cut off rather than removed completely, and chose to continue his work. As this court previously held, one who renders gratuitous service is not subject to liability where the person who accepts the service is aware that the service was incompetent. <u>Rice</u>, 374 Ill. App. 3d at 886, 874 N.E.2d at 146, citing Restatement (Second) of Torts §323, Comment <u>b</u>, at 136-37 (1965). Michael continued to perform his work, despite the manner in which IP performed its service. Clearly, Michael cannot now claim reliance on IP's removal of the utility pole. Finally, Michael failed to present any evidence, other than mere speculation on his part, that IP's partial removal of the utility pole increased his risk of harm. We affirm summary judgment in favor of IP.

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

COOK and TURNER, JJ., concur.